UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:07-cr-342-T23-MAP

YOUSEF SAMIR MEGAHED
_____/

**ORDER**

Youssef Samir Megahed moves (Doc. 71) for "reconsideration" of the order (Doc. 70) that denied his earlier severance motion (Doc. 64), which relies upon Rule 8(b), Federal Rules of Criminal Procedure, and in which Megahed complains of the alleged misjoinder of Count II against Ahmed Abdellatif Sherif Mohamed and Megahed with Count I of the indictment against only Mohamed. Rule 8(b) provides that:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The indictment in Count II alleges that on or about August 3, 2007, Megahed and Mohamed "not being licensees or permittees under the provisions of Chapter 40 of Title 18 of the United States Code, did knowingly transport and cause to be transported in interstate commerce explosive materials . . . in violation of Title 18, United States Code, Sections 842(a)(3)(A) and 2." With respect to the allegations in the indictment and the related facts, the defendants and the United States have argued, briefed, and elicited testimony at length (particularly in respect to the issues of detention and severance).

The allegations of the indictment (and the matters expounded afterward) leave no doubt (now or at any other moment) that Count II charges Megahed and Mohamed with committing exactly the same crime, at exactly the same time, at exactly the same place, in exactly the same manner, in concert with one another, and in one another's presence (that is, in the same automobile together for many hours driving the highways of Florida, Georgia, and South Carolina). Joining Megahed and Mohamed in Count II is proper beyond question.

However, Count I charges only Mohamed with teaching and distributing his teaching as to the manufacture of an explosive and destructive device in furtherance of a federal crime of violence in violation of 18 U.S.C. §§ 842(p)(2)(A) and 2. Although the United States discovered the evidence on which the United States bases Count I consequent upon the arrest of Megahed and Mohamed on August 3, 2007, the alleged manufacture and distribution of the "teaching" charged in Count II occurred before the events in South Carolina on August 3, 2007, and includes no alleged involvement by Megahed. No plausible and fair interpretation permits the conclusion that the events alleged in Count I are "the same act or transaction, or in the same series of acts or transactions, constituting an offense" alleged in Count II. In fact, neither Count I of the indictment nor the matters appearing in the record afterward (to the extent admissible on this issue) present any fact that causes the disinterested observer to suppose that in any perceptible manner the events alleged in Count I pertain to either Megahed or the events alleged in Count II that involve Megahed. The events alleged in Count I and the events alleged in Count II share only the presence of Mohamed and the highly

attenuated connection that each arguably bears to the general subject of "explosives." Neither circumstance is sufficient under Rule 8(b) to warrant joining Count I against Mohamed with Count II against Megahed and Mohamed. For that reason, Count I against Mohamed and Count II against Mohamed and Megahed are misjoined. United States v. Gentile, 495 F. 2d 626 (5th Cir. 1974); 1A Wright and Leipold, Federal Practice and Procedure: Criminal 4th § 144 at 60-62 (n.10 and accompanying text); 24 Moore's Federal Practice: Criminal Procedure § 608.03; 1 L. Orfield, Criminal Procedure under the Federal Rules § 8.65. But see United States v. Dominguez, 226 F. 3d 1235 (11th Cir. 2000).

Although Megahed's motion is **GRANTED IN PART**, the most efficient and reasonable remedy for the misjoinder is not to sever Megahed from Mohamed and try the defendants separately. The proper remedy is to sever the trial of the claim in Count I that Mohamed manufactured and distributed a felonious "teaching" about a destructive device from the claim in Count II that Mohamed and Megahed feloniously transported explosives in interstate commerce. Accordingly, Count I is **SEVERED**, and re-scheduled for trial on May 12, 2008. Count II remains set for trial on **April 28, 2008**.

ORDERED in Tampa, Florida, on March 6, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE